IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2012

## LARRY C. PITTMAN v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6498     Joseph H. Walker, III, Judge**

**No. W2011-01632-CCA-R3-HC  - Filed July 2, 2012**

Petitioner, Larry C. Pitman, filed a petition for habeas corpus relief which the trial court summarily dismissed without an evidentiary hearing.  The petition seeks to set aside Petitioner's 2006 convictions for especially aggravated kidnapping, aggravated robbery, and conspiracy to commit aggravated robbery.  As pertinent to this appeal, Petitioner alleged that the indictment for each offense which led to his jury convictions is defective because each count of the indictment failed to allege at least one essential element of the criminal charge. After a thorough review of the briefs and the record on appeal, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Larry C. Pittman, Henning, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In his pleadings to the habeas corpus trial court, Petitioner alleges the following defects in the three counts of the charging indictment.  Regarding the charge of aggravated robbery, Petitioner asserts that this count "did not provide the Petitioner with notice, that the State would have to prove that he did not have the owner's effective consent."  Theft is an element of robbery.  Tenn. Code Ann. § 39-13-401(a).  Robbery is an element of aggravated

robbery. Tenn. Code Ann. § 39-13-402(a). Theft occurs when "[a] person . . . with the intent to deprive the owner of property . . . knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. The aggravated robbery count of the indictment alleges in pertinent part that Petitioner and a co-defendant,

> did unlawfully, knowingly, and/or intentionally by putting in fear and/or by violence obtain property, to-wit: money from the person of [the victim], an employee of LONE STAR STEAKHOUSE, and accomplished with a deadly weapon, to-wit: a knife, a more particular description of which to the Grand Jurors aforesaid is unknown, with the intent to deprive the owner of the property, in violation of T.C.A. § 39-13-402. . . .

The correct statute for aggravated robbery was alleged in the indictment. As alluded to above, this states that robbery is an element of aggravated robbery; the statute defining robbery states that theft is an element of robbery; the theft statute clearly states that the taking of property must be without the owner's effective consent. Clearly, Petitioner was put on notice of what elements the State was required to prove. *See State v. Carter*, 988 S.W.2d 145, 194 (Tenn. 1999); *State v. Ruff*, 978 S.W.2d 95, 100 (Tenn. 1998). Furthermore, the indictment alleges that the money was taken from the victim by putting him in fear and/or by violence, and was accomplished by the use of a knife. Clearly, these factual allegations include the situation of taking the money without the effective consent of the victim.

As to the conspiracy to commit aggravated robbery count, Petitioner asserts in his habeas corpus petition that this count is fatally defective because it "did not provide the Petitioner with notice, that the State would have to prove that there was an agreement between the Petitioner and another party, to commit the offense of aggravated robbery." (Emphasis in original).

Our criminal code provides,

> (a)  The offense of conspiracy is committed if two (2) or more people each having the culpable mental state required for the offense that is the object of the conspiracy, and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct that constitutes the offense.
>
> . . .

(d)     No person may be convicted of conspiracy to commit an offense, unless an overt act in pursuance of the conspiracy is alleged and proved to have been done by the person or by another with whom the person conspired.

Tenn. Code Ann. § 39-12-103(a) and (d).

In Petitioner's case, the conspiracy count of the indictment alleges in part that Petitioner and his co-defendant did

> willfully conspire to commit Aggravated Robbery, and in furtherance of that conspiracy, [Petitioner] and [co-defendant], acting for the purpose of promoting or facilitating the commission of Aggravated Robbery, did *agree* that one or more of them would engage in said offense, to-wit: the Aggravated Robbery of LONE STAR STEAKHOUSE. . . .

(Emphasis added).

Clearly, this assertion by Petitioner is without merit.

Finally, as to the especially aggravated kidnapping count of the indictment, Petitioner's allegation in the petition is not as clear about which element(s) is missing. The petition states as follows:

> In Tennessee especially aggravated kidnapping is separated into five prongs or parts. Each prong or part carries an element that is not ascertained in the other. More specifically, the Petitioner was charged with especially aggravated kidnapping. The same elements found in prong A, [are] also found in prong E, and because the indictment failed to provide notice to the Petitioner as to what sub-section, prong or part of the statute to which he should prepare a defense to [sic]. The indictment was therefore defective, and the judgment is now void.

The especially aggravated kidnapping count of the indictment alleges in part that Petitioner,

> did unlawfully and knowingly remove and/or confine [the victim] so as to interfere substantially with her liberty and accomplished with a deadly weapon, to-wit: a knife, a more particular description of which to the Grand Jurors aforesaid is unknown, in violation of T.C.A. § 39-13-305.

Tennessee Code Annotated section 39-13-305 provides as relevant herein,

> (a) Especially aggravated kidnapping is false imprisonment, as defined in § 39-13-302:
>
> (1) Accomplished with a deadly weapon. . . ;

Tennessee Code Annotated section 39-13-302(a) defines false imprisonment as,

> (a) A person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty.

The especially aggravated kidnapping count of the indictment clearly sets forth allegations, in conformity with all the elements of the offense, to adequately charge a criminal offense and put Petitioner on notice of the criminal charge he faced. This issue is without merit.

Petitioner also alleged that he was entitled to habeas corpus relief because the indictment was returned by an illegally impaneled Grand Jury. Petitioner has not raised this ground for relief on appeal. Also, while Petitioner has tried to maintain his defective indictment issue on appeal, he has changed his theory on appeal to a theory not presented in the habeas corpus trial court. On appeal he does not assert that there are missing elements; instead he argues that each count of the indictment is defective because alternative bases for elements are alleged. Specifically, Petitioner states in his brief,

> Appellant contends that each of the indictments failed to provide adequate notice, by charging and/or, which deprived the Appellant of what to defend [sic]. Did he knowingly or intentionally place the victim in fear[?] Did he promote [or] facilitate a conspiracy; and did he remove or confine the victim[?] Moreover, upon what element was found by the jury, and upon what element was judgment pronounced upon the jury verdict[?]

It is well settled that an appellant cannot change theories for relief from the trial court to the appellate court. The new theory is waived on appeal. *See State v. Dooley*, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). The indictments in Petitioner's case meet all the necessary requirements of *Carter* and *Ruff* to be valid charging instruments. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, JUDGE